# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Mariah D. Brown, | ) Case No.: 2:14-cv-02638-PMD-MGB |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| IQor US Inc., IQor Holdings US Inc., iQor US Inc., and IQor Holdings Inc., | ) |
| Defendants. | ) |

The Plaintiff, Mariah D. Brown, filed this employment case alleging the following causes of action: 1) sexual discrimination in violation of Title VII of the Civil Rights Act; 2) violation of the South Carolina Payment of Wages Act; 3) violation of the Fair Labor Standards Act ("FLSA"); 4) Negligent Hiring, Training and Supervision; and 5) Breach of Contract. (Dkt. 5.) The Defendants have moved to dismiss the Third Cause of Action, violation of the Fair Labor Standards Act, and the Fourth Cause of Action, Negligent Hiring, Training and Supervision. (Dkt. 12, 12-1.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), DSC, all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

## ALLEGATIONS OF COMPLAINT

The Amended Complaint alleges that the Plaintiff was working for the Defendant companies from 2010 until her termination in April of 2013. (Dkt. 5, ¶¶ 12, 25). The Plaintiff alleges that she was subjected to inappropriate sexual advances, comments and gestures almost daily from her supervisor. (Dkt. 5, ¶¶13, 15-16, 21.) On February 14, 2013, she began to receive text messages from her supervisor after he obtained her cell phone number; those messages included a nude photograph of the supervisor. (Dkt. 5, ¶15.) She told her supervisor that his

sexual advances were unwanted and requested that it end.  (Dkt. 5, ¶16.)  The Plaintiff was still "forced to work" with him while his sexual advances continued.  (Id.)

The Plaintiff alleges that she reported the lewd and inappropriate behavior verbally and via text message to another supervisor, who responded, "it's too late now, the damage is already done, or words to that effect …".  (Dkt. 5, ¶19.)  The Plaintiff alleges that after her report, she "was forced to continue to work" with him while the harassment continued.   (Dkt. 5, ¶23.)   In addition, the supervisor she complained about began treating her harshly in retaliation, eventually resulting in the Defendants' wrongfully terminating her employment.  (Dkt. 5, ¶¶22-25.)

The Plaintiff alleges that as a result of her "exemplary work performance", she would receive a bonus every three months.  (Dkt. 5, ¶30.)  She claims that she "accrued earned wages" which the Defendants "have failed to pay."  (Dkt. 5, ¶31.) The Defendants "wrongfully withheld the Plaintiff's earned bonus."  (Id.)  The Amended Complaint also alleges that on the date the Plaintiff was terminated, she was:

> due a bonus; however, the Defendants have failed and continue to fail to pay the Plaintiff her bonus.  The Defendants continue to fail to pay wages owed to the Plaintiff in violation of the Fair Labor Standards Act….

(Dkt. 5, ¶32.) In the third cause of action for violation of the FLSA, the Plaintiff states only that:

> [t]he Plaintiff was working for the Defendants and accrued earned wages.  The Defendants ha[ve] failed and continue to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act.

(Dkt. 5, ¶57.)

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'"  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) … a court must determine whether it is plausible that the factual allegations in the complaint are "enough to raise a right to relief above the speculative level."" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, … unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Giarratano, 521 F.3d 298).

## DISCUSSION

### I.   FLSA CLAIM

The Defendants claim that the Plaintiff fails to allege facts that, even if true, would constitute a violation of the FLSA, 29 U.S.C. §§201, et seq. (Dkt. 12, 12-1, pp. 3-6 of 9.) The FLSA was created in 1938 as a result of Depression-era high unemployment and abusive employment practices and conditions. Monaghan v. County of Chesterfield, Va., 95 F.3d 1263, 1266-67 (4th Cir. 1996). The FLSA's central themes are its minimum wage and overtime requirements. Id. Section 206 of the FLSA provides for the hourly minimum wage due all employees; Section 207 delineates maximum work hour limitations.

Section 216(b) of the FLSA provides for a private cause of action for employees to enforce the minimum wage and overtime provisions of the Act. The FLSA is "clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages." Id. There is no violation of the FLSA where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold. Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013).

In this case, the Plaintiff has not alleged in any paragraph that she worked more than forty (40) hours a week or was not paid at least the statutorily required minimum wage. The Plaintiff either states generally that she accrued earned wages which the Defendants have failed to pay, or that the Defendants wrongfully withheld her earned bonus. The Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and Reply likewise do not mention denial of minimum wage or overtime pay. (Dkt. 16, 17.) The cases cited by the Plaintiff relate to the South Carolina Payment of Wages Act, not the FLSA. (Dkt. 16, p. 5 of 8.) The Plaintiff's Second Cause of Action for violation of the South Carolina Payment of Wages Act is not at issue in the Motion to Dismiss. (Dkt. 5, ¶¶50-55.) The Court agrees with the Defendants that the Plaintiff has not alleged that she was denied any overtime or any minimum wages. Therefore, it is recommended that the Third Cause of Action, for violation of the FLSA, be dismissed.

II.    NEGLIGENT HIRING/TRAINING/SUPERVISION CLAIM

In the Fourth Cause of Action, the Plaintiff alleges that the Defendants were negligent, wanton, reckless and/or deliberately indifferent by: 1) failing to adequately monitor and supervise the hiring practices of its personnel to ensure that only qualified applicants were hired; 2) failing to institute and follow reasonable hiring practices to insure only qualified applicants were hired; 3) failing to adequately train personnel in public interaction and what behavior

constitutes sexual harassment; 4) failing to supervise and correct actions of its personnel when they knew or should have known that a pattern of questionable and unconstitutional practices and behavior existed, as the supervisor previously spent several years in prison; and 5) such other particulars as discovery will show. (Dkt. 5, ¶62). The Plaintiff alleges that as a result of the Defendants' failures, she suffered actual damages, including physical injury, mental anguish, emotional distress and attorney fees. (Dkt. 5, ¶63.)

The Defendants argue that this cause of action is barred by the exclusivity provision in the South Carolina Workers' Compensation Act, S.C. CODE ANN. §42-1-540. The Court agrees. The exclusivity provision specifically states:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee….as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

Id.

South Carolina courts applying §42-1-540 have specifically held that an employee's claims against an employer for injury based on negligent supervision are covered by the Workers' Compensation Act. See Dickert v. Metro. Life Ins. Co., 311 S.C. 218, 220, 428 S.E.2d 700, 701 (1993) (holding that the Act provides the exclusive remedy for work-related injuries, and that claims for negligence, including hiring, retention and supervision, as well as emotional distress, are covered by the Act); Palmer v. House of Blues Myrtle Beach Rest. Corp., No. 05-3301, 2006 WL 2708278, at *3 (D.S.C. Sept. 20, 2006); Loges v. Mack Trucks, 308 S.C. 134, 137, 417 S.E.2d 538, 540 (1992) (dismissal of claim of negligent supervision under Workers' Compensation Act); see also Washington v. Hilton Hotels Corp., No. 07-2694, 2008 WL 747792, at *4 (D.S.C. Mar. 17, 2008); Saab v. S.C. State Univ., 350 S.C. 416, 422, 567 S.E.2d

231, 234 (2002) (claim of negligence for failure to exercise reasonable care in selection, retention and supervision of co-employee[s] is covered by the [Workers' Compensation] Act).

Federal courts have granted motions to dismiss state law claims for negligent hiring and supervision as well. See Taylor v. Science Applications Int'l Corp., No. 2:12-cv-0659-RMG-BM, 2012 WL 5301333 (D.S.C. Oct. 25, 2012) (adopting recommendation of Magistrate Judge and dismissing claim for negligent supervision based on exclusivity doctrine); Whicker v. Science Applications Int'l Corp., No. 2:11-3193-SB-BHH, 2012 WL 4983864 (D.S.C. Sept. 20, 2012) (dismissing claim for negligent supervision based on exclusivity provision); Crawford v. Limehouse & Sons, Inc., No. 2:10-2094-CWH-BM, 2010 WL 5140035 (D.S.C. Dec. 10, 2010) (dismissing claim for negligent supervision based on exclusivity provision).

The Plaintiff's Memorandum in Opposition and Reply do not address the South Carolina Workers' Compensation Act and the effect of its exclusivity provision; instead Plaintiff analyzes generally, and cites authority for, a claim for negligent hiring, training and supervision.[1] The Plaintiff also argues that the allegations raise issues of fact concerning her claim for sexual harassment and the Defendants' policies and procedures. This conclusory statement does not address the legal issues. The court has considered all of the factual allegations of the Amended Complaint as true and has drawn all reasonable inferences from the facts as pled. As a matter of law, the Plaintiff's Fourth Cause of Action should be dismissed.

## CONCLUSION

Based on the foregoing, it is recommended that the Defendants' Motion to Dismiss (Dkt. 12) Plaintiff's Third and Fourth Causes of Action be **granted**, and that these claims be **dismissed**.

---

[1] Although there are limited exceptions to the exclusivity provision, the Plaintiff does not argue any, and this court finds that none of the exceptions apply in this case.

6

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 26, 2015
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).